IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KENNETH E. GIBSON, § | | |
| TDCJ-CID No. 330435, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. V-10-016 | |
| § | | |
| RICK THALER, et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Kenneth E. Gibson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against TDCJ-CID Director Rick Thaler, along with Pardon and Paroles Directors Roger Nichols and Troy Fox, alleging that they have illegally held him beyond his release date. Gibson requests that this court declare his confinement unconstitutional and award him $ 80,000.00 for each year that he has been illegally confined. The court will dismiss this action as frivolous.

Gibson asserts that he was sentenced to twenty-five years in prison on February 7, 1981, and that he should have been released on February 7, 2006. He alleges that Thaler, Nichols, and Fox were aware his release date but decided to hold him an additional eight years. The Court has reviewed Gibson's conviction, sentence, and release date records, which are available on the TDCJ-CID website. See http://www.tdcj.state.tx.us/offender_information.htm. According to the website, Gibson was convicted in Dallas County, Texas, and was sentenced to twenty-five years on January 19, 1982. His projected release date is November 8, 2012. It is apparent that Gibson was released

on parole and was later returned to prison after his parole was revoked.[1] Gibson was convicted of aggravated robbery, and he is not entitled to credit for time spent out on the street. *See* TEX. GOV'T CODE Ann. § 508.283(b); *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001), *citing Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997).

In addition to failing to assert an actionable claim, Gibson has no standing to seek damages in this suit. When an inmate files a civil rights complaint that challenges the legality of his confinement, he must show that the criminal judgment for which he is being held has been overturned on direct appeal or in a post-conviction application for a writ of habeas corpus. *See Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). Challenges regarding denial of time credit or dates of release are also subject to *Heck's* requirement. *Kennedy v. State of Texas Pardons and Paroles*, 136 Fed. App'x 712, 713, 2005 WL 1527655, *1 (5th Cir. 2005) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005); *Rooding v. Peters*, 92 F.3d 578, 580–81 (7th Cir. 1996)). *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1997). There are no court records indicating that TDCJ-CID's records are incorrect with regard to the projected release date.

Gibson alleges that he is being wrongly held pursuant to the decision by prison authorities, but he fails to show that the decision has been overturned by judicial action in a habeas proceeding or a decision by an appropriate administrative tribunal. Because the remedy he seeks is an accelerated release from prison, he must file a habeas petition. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (citing *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987)).

---

[1] The TDCJ-CID Classifications and Records Department verified by telephone that Gibson was paroled on June 7, 1989, and was returned to prison after his parole was revoked on January 22, 1998. According to Classifications and Records, Gibson was out on the street for a total of 8 years, 7 months, and 15 days.

This action is frivolous because it lacks an arguable basis in law. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This action is **DISMISSED** without prejudice to refiling if and when Gibson is able to comply with the *Heck* requirements. *Clarke*, 154 F.3d at 191.

Gibson has submitted an Application to Proceed In Forma Pauperis (Dkt. No. 2), which shall be granted. Gibson shall pay the $ 350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund shall collect this amount from Gibson's trust account by deducting 20 % from each deposit to the account and forward the money to the court in accordance with § 1915(b). No initial partial fee shall be collected because the *in forma pauperis* data sheet (Dkt. No. 2-1) indicates that there were negligible funds ($ 0.08) in Gibson's account when the pauper's application was filed.

Gibson has also filed a Motion for Appointment of Counsel (Dkt. No. 6), which shall be denied because there is no constitutional right to appointed counsel in civil rights actions and the issues presented do not warrant such appointment. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

## Conclusion

The Court hereby **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund shall collect the filing fee from the Inmate Trust Account of Kenneth E. Gibson, TDCJ-CID 330435, and forward the funds to the Clerk of this court pursuant to the provisions of 28 U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order.

3. All other motions, including the motion for appointment of counsel (Dkt. No. 6), are **DENIED**.

4. The prisoner civil rights complaint (Dkt. No. 1) filed by Kenneth E. Gibson, TDCJ-CID No. 330435, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

5.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 9th day of March, 2011.

                    JOHN D. RAINEY
                    SENIOR U.S. DISTRICT JUDGE